UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| X-BIO LLC | CIVIL ACTION |
| VERSUS | 24-869-SDD-RLB |
| GRAY MEDIA GROUP, *ET AL.* | |

**RULING**

Before the Court is a Rule 12(e) Motion for More Definite Statement filed by Defendant Gray Local Media, Inc. ("Gray Media").[1] Gray Media seeks an order requiring Plaintiff X-BIO LLC ("X-BIO") to amend its Complaint to include a more definite statement.[2] X-BIO opposes,[3] to which Gray Media replied.[4]

For the reasons that follow, Gray Media's motion is denied.

**I.    BACKGROUND**

On August 29, 2024, X-BIO filed suit in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, against named Defendants WAFB, LLC ("WAFB") and Gray Media Group, Inc. (who now comprise a single entity, Gray Local Media, Inc.) (collectively referred to as "Defendant").[5] X-BIO seeks damages for Gray Media's alleged defamation, negligence, and reckless disregard due to its September 2, 2023 reporting that a shooting incident occurred at X-BIO's business location, causing reputation harm to its business and financial losses.[6]

---

[1] Gray Media states it is improperly named in the Complaint as two separate entities, WAFB, LLC and Gray Media Group, Inc.  Rec. Doc. 9 at p. 1.
[2] Rec. Doc. 9.
[3] Rec. Doc. 15.
[4] Rec. Doc. 16.
[5] Rec. Doc. 1 at p. 2.
[6] Rec. Doc. 1-1 at pp. 4-6.

On October 17, 2024, Gray Media removed to this Court based on diversity jurisdiction.[7] Now, Gray Media seeks an order under Rule 12(e) requiring X-BIO to amend its Complaint to include a more definite statement.[8]

## II. LAW AND ANALYSIS

### A. Legal Standards

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response[.]"[9] The motion must state the defects in the pleading and the details desired.[10] The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[11] Such motions are disfavored and granted sparingly.[12] However, in the words of the Supreme Court, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[13] A party may not use a

---

[7] Rec. Doc. 1. X-BIO is a Louisiana based limited liability corporation ("LLC") consisting of two members, Chadrick Bailey and Desmond Trim, both citizens of Louisiana. *Id.* at pp. 3-4. WAFB was previously a foreign LLC registered in Delaware, which merged in February of 2019 with Raycom Media, Inc., the surviving entity. *Id.* at p. 3. Raycom Media, Inc. changed its name to Gray Media Group Inc. in March of 2019, and to Gray Local Media Inc. in July of 2024. *Id.* Gray Local Media Inc. is incorporated in Delaware with its principal place of business in Atlanta, Georgia. *Id.* Thus, Gray Media is a citizen of Delaware and Georgia. *Id.* Gray Media alleges that the Petition does not contain an affirmative allegation under La. Code Civ. P. art. 893(A) to establish the lack of jurisdiction of federal courts due to insufficiency of damages. *Id.* at p. 4. And it contends that, based on X-BIO's allegations and initial representations made by its counsel, it is clear that X-BIO's alleged amount in controversy exceeds $75,000. *Id.*
[8] Rec. Doc. 9.
[9] Fed. R. Civ. P. 12(e).
[10] *Id.*
[11] *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (quoting *Advanced Communications Technologies, Inc. v. Li*, No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y. 1986)) (internal quotation marks omitted)).
[12] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Conceal City, LLC v. Looper Law Enforcement, LLC*, 917 F.Supp.2d 611, 621 (N.D. Tex. 2013).
[13] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Rule 12(e) motion as a substitute for discovery;[14] however, "[i]f details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e)."[15] The decision to grant a Rule 12(e) motion is within the discretion of the trial court.[16]

### B. Plaintiff's Allegations

X-BIO filed a three-page Petition against Gray Media for allegedly publishing through its platforms a report of a shooting incident, falsely stating that the shooting occurred at X-BIO's business location.[17] X-BIO alleges that Defendant's statements were defamatory *per se*, which by their nature tended to injure X-BOI's professional reputation.[18] X-BIO further asserts Defendant acted negligently and with reckless disregard for the truth by failing to verify the accuracy of the statements before publishing them.[19] X-BIO claims it suffered financial loss, including lost business opportunities, decreased revenue, and reputational harm.[20] X-BIO seeks general damages for emotional distress, humiliation, and damage to its reputation in the community.[21]

Gray Media seeks a more definite statement because X-BIO alleges merely three conclusory facts to support its claims and because the Petition is so vague or ambiguous that Gray Media cannot reasonably prepare a response.[22] Gray Media asserts that X-BIO fails to provide any facts as to why the news report was inaccurate and fails to provide

---

[14] *Id.*
[15] 5C Wright & Miller, Fed. Prac. and Proc. § 1376 (3d ed.).
[16] *Newcourt Leasing Corp. v. Regional Bio-Clinical Laboratory, Inc.*, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000) (citation omitted).
[17] Rec. Doc. 1-1 at pp. 4-6.
[18] *Id.*
[19] *Id.*
[20] *Id.* at p. 6.
[21] *Id.*
[22] Rec. Docs. 9 at p. 2, 9-1 at p. 2.

any facts supporting its contention that the statements were "defamatory" and resulted in "significant financial losses" and "reputational harm."[23] Gray Media points out that X-BIO fails to identify the specific "false" statements disseminated by Gray Media, how X-BIO was identified in those statements and in what context, the medium/media by which the alleged statements were disseminated, and how such dissemination directly affected X-BIO's business and reputation.[24]

The Supreme Court has stated that Rule 12(e) motions are "inextricably linked to Rule 8(a)'s simplified notice pleading standard."[25] Accordingly, "[w]hen evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8[.]"[26] Rule 8 provides, in pertinent part: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[27] This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[28] A complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.[29] A complaint

---

[23] Rec. Doc. 9-1 at p. 3.
[24] *Id.*
[25] *Swierkiewicz*, 534 U.S. at 513.
[26] *Babcock*, 235 F.R.D. at 633.
[27] *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[29] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999)).

containing "bare bones" allegations that a wrong occurred without pleading any of the facts giving rise to the injury, does not provide adequate notice.[30]

"Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name."[31] Under Louisiana law, defamation claims require a plaintiff to establish four elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[32] To the extent Louisiana law permits a business to claim defamation based on damage to its business reputation, a claimant must allege the following: (1) defamatory words, (2) publication to a third party, (3) falsity, (4) actual or implied malice, and (5) resulting injury.[33] "If even one of the required elements of the tort is lacking, the cause of action fails."[34] For the first element, the claimant "must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant."[35] It is not necessary for the claimant to "state verbatim the words on which he bases his cause of action, but he must allege a state of facts which would show fault under Louisiana tort law."[36]

X-BIO alleges the following facts of Gray Media's alleged defamation *per se*, as follows: (1) on September 3, 2023, Defendant published and disseminated through its

---

[30] *Beanal*, 197 at 164 (citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)).
[31] *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004) (citing *Fitzgerald v. Tucker,* 98–2313, p. 10 (La.6/29/99), 737 So.2d 706, 715; *Trentecosta v. Beck,* 96–2388, p. 10 (La.10/21/97), 703 So.2d 552, 559; *Sassone v. Elder,* 626 So.2d 345, 350 (La.1993).
[32] *Id.* (citation omitted).
[33] *Hoot Systems LLC. v. Comal Concrete Products, Inc.*, 19-CV-00957, 2020 WL 1939180 at *3 (W.D. La. Apr. 22, 2020) (citing *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So.2d 196, 198 (La. 1980)).
[34] *Costello*, 864 So.2d at 140 (citing *Douglas v. Thomas,* 31,470, p. 3 (La.App. 2 Cir. 2/24/99), 728 So.2d 560, 562 *writ denied,* 99–0835 (La.5/14/99), 741 So.2d 661; *Kosmitis v. Bailey,* 28,585, p. 2 (La.App. 2 Cir. 12/20/96), 685 So.2d 1177, 1180).
[35] *Hoot Systems*, 2020 WL 1939180 at *3 (citing *Badeaux v. Sw. Computer Bureau, Inc.*, 929 So.2d 1211, 1218 (La. 2006)).
[36] *Id.*

print, online and/or broadcast platforms, a report falsely stating that a shooting incident occurred at X-BIO's business located at 11690 Florida Boulevard, Suite D, Baton Rouge, La;[37] (2) in truth and fact, the shooting incident occurred at the intersection located at Florida Boulevard and Little John Drive, not at X-BIO's premises;[38] and (3) the "false statement published by Defendant was widely disseminated and accessible to the general public, causing significant harm to [X-BIO's] business reputation and financial standing."[39]

To be actionable, the defamatory words must be communicated or published to someone other than the plaintiff.[40] Words that expressly or implicitly accuse someone of criminal conduct or inherently harm their professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory *per se*.[41]

Here, X-BIO alleges that Gray Media communicated or published to the public a report falsely stating that criminal conduct occurred at X-BIO's business when in fact the shooting incident occurred at Florida Boulevard and Little John Drive, not at X-BIO's business.[42] X-BIO alleges Gray Media acted negligently and with reckless disregard for the truth by failing to verify the accuracy of the statements before publishing them.[43] Construing the Petition in X-BIO's favor, the alleged defamatory statement implies criminal conduct occurred at X-BIO's business, which would naturally injure its business reputation. Accepting the alleged defamatory statement as true, a listener "could have

---

[37] Rec. Doc. 1-1 at p. 4.
[38] *Id.*
[39] *Id.* at p. 5.
[40] *Kosmitis*, 685 So.2d at 1180.
[41] *Costello*, 864 So.2d at 140. "Defamatory words are, by definition, words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person or otherwise expose a person to contempt or ridicule." *Id.*
[42] Rec. Doc. 1-1 at pp. 4-5.
[43] *Id.* at p. 5.

reasonably understood the communication, taken in context, to have been intended in a defamatory sense."[44] The alleged false statement provides sufficient factual matter to state a claim for defamation *per se*. Consequently, the elements of malice, falsity, and injury can be presumed for the purposes of this motion.[45]

A court must disfavor Rule 12(e) motions given the availability of extensive discovery to further elucidate a plaintiff's allegations.[46] Moreover, relief is unwarranted under Rule 12(e) when a pleading meets the minimal standard of Rule 8, the missing or vague information is already known to the defendant, or the information sought can otherwise be obtained by discovery.[47] Here, discovery will clarify any additional uncertainties.

Although the Petition is not exceedingly detailed, the Petition sets forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.[48] The allegations give Gray Media sufficient notice of X-BIO's claim of defamation *per se* and the grounds upon which it rests such that Gray Media can reasonably respond.[49] Thus, the Court denies Gray Media's Rule 12(e) motion.

---

[44] *Kosmitis*, 685 So.2d at 1180 (citing *Sassone*, 626 So.2d at 352).
[45] *Kennedy v. Sheriff of East Baton Rouge*, 05-1418, p.5 (La. 7/10/06), 935 So.2d 669, 675; *see also Costello*, 864 So.2d at 140.
[46] *See City of DeQuincy v. Emps. Mut. Cas. Co.*, No. 2:22-CV-05822, 2023 WL 2604022, at *1 (W.D. La. Mar. 22, 2023).
[47] *Id.*
[48] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999)).
[49] *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); Fed. R. Civ. P. 12(e).

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Gray Media's Rule 12(e) Motion for a More Definite Statement[50] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  6th  day of _____August_____, 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[50] Rec. Doc. 9.