UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

X-BIO, LLC                                                              CIVIL ACTION

VERSUS                                                                 NO. 24-869-SDD-RLB

WAFB, LLC, ET AL.

## ORDER

Before the Court is Defendant's Motion to Compel Discovery Responses. (R. Doc. 34). The motion is opposed. (R. Doc. 38). Defendant filed a reply memorandum. (R. Doc. 44).

### I.    Background

X-Bio, LLC ("Plaintiff") initiated this defamation action against WAFB, LLC and Gray Media Group Inc. in State court. (R. Doc. 1-1). In removing the action based on diversity jurisdiction pursuant to 28 U.S.C § 1332, Gray Local Media, Inc. ("Defendant") represented that it was the proper defendant resulting from the merger of the two named defendants into a single business entity. (R. Doc. 1). The Court subsequently entered into the record Plaintiff's First Amended Complaint, which identified Gray Local Media, Inc. as the sole defendant. (R. Doc. 31).

The instant discovery dispute pertains to Defendant's First Set of Interrogatories and Requests for Production of Documents served on February 19, 2026. (R. Doc. 34-3; *see* R. Doc. 34-4). Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). On March 20, 2026, defense counsel reached out to Plaintiff's counsel regarding the outstanding responses and asked for the identity of the underlying defamatory article or report. (R. Doc. 34-5). In response, Plaintiff's counsel identified the defamatory publication as including, but not limited to, an article found on www.wbrz.com. (*See* R. Doc. 34-6).

On March 24, 2026, the parties held a discovery conference, at which defense counsel provided an additional 30 days to provide complete responses (*i.e.*, April 23, 2026). (R. Doc. 34-9). At the conference, the parties discussed that "the offending publication at the heart of this case . . . appears to be a news story published by WBRZ here in Baton Rouge, as opposed to WAFB" and that Plaintiff's counsel "would look into that, and if appropriate, amend the Petition to name the correct party." (R. Doc. 34-9 at 1).[1]

On April 24, 2026, Defendant filed the instant Motion to Compel after Plaintiff failed to provide responses by the agreed upon deadline. (*See* R. Doc. 34-10). Defendant seeks an order compelling Plaintiff to respond to the written discovery requests and awarding reasonable attorney's fees pursuant to Rule 37(a)(5).

On May 11, 2026, Plaintiff filed an opposition, requesting that the Court deny the motion as moot because Plaintiff provided written responses and documents after the filing of the Motion to Compel. (R. Doc. 38).

In reply, Defendant seeks argues that the Motion to Compel should not be denied as moot, further arguing that Plaintiff's responses to the written discovery requests and productions of documents (which are attached to the reply memorandum) are evasive and insufficient. (R. Doc. 44).

---

[1] Plaintiff has filed two motions seeking leave to amend the pleadings to name Louisiana Television Broadcasting, LLC as a defendant in this action. (*See* R. Docs. 32, 36). The Court denied both of these motions because Plaintiff failed to identify the citizenship of that proposed defendant for the purpose of diversity jurisdiction. (*See* R. Docs. 35, 37). Plaintiff has filed a third motion seeking leave to amend to name Louisiana Broadcasting LLC as a defendant. (R. Doc. 44), This time, Plaintiff represents that the proposed defendant is a non-diverse citizen of Louisiana, and seeks joinder and remand pursuant to 28 U.S.C. § 1447(e). The motion is opposed. (R. Doc. 46).

**II.    Law and Analysis**

There is no dispute that Plaintiff failed to respond to the discovery requests at issue within the times allowed by the Federal Rules of Civil Procedure or otherwise agreed upon by the parties. Accordingly, the Court will grant the Motion to Compel pursuant to Rule 37.

A party generally waives all objections, with the exception of those pertaining to any applicable privileges or immunities, where it fails to provide timely discovery responses. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Rule 33 provides that the grounds for objecting to an interrogatory must be stated with specificity and any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Rule 34 similarly provides that the grounds for objecting to a request for production must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B). Rule 34 further provides that, "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Here, Plaintiff did not submit written responses or objections to Defendant's discovery requests within 30 days after they were served or within the extension of time agreed upon by the parties. Accordingly, Plaintiff has waived all objections to the written discovery requests other than those based on any applicable privilege or immunity. The Court will, however, allow

Plaintiff to object to discovery requests to the extent they prematurely seek information and disclosures (including any expert identities and opinions) prior to specific deadlines set forth in the Court's Scheduling Order. Otherwise, Plaintiff must provide complete responses to the requests for production and interrogatories at issue.

That Plaintiff provided written responses and document requests after the filing of the instant Motion to Compel does not result in Defendant's Motion to Compel being completely moot. That said, the Court will not entertain Defendant's arguments first raised in reply with respect to the sufficiency of Plaintiff's post-motion responses and productions. Instead, the Court will provide Plaintiff time to provide Defendant with supplemental responses in compliance with the instant Order. To the extent any dispute remains regarding the sufficient of Plaintif's responses, as supplemented, the parties must meet-and-confer in compliance with Rule 37(a)(1) or Rule 26(c)(1) prior to filing any additional motion with respect to the written discovery at issue.

In addition, the Court will award Defendant its reasonable expenses incurred in bringing the instant Motions to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > **(iii)** other circumstances make an award of expenses unjust.

4

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has not provided any arguments in support of a finding that Defendant did not attempt in good faith to obtain the discovery at issue. Instead, Plaintiff argues that the timing of its responses were substantially justified because the parties had communicated regarding amendment of the pleadings to identify the "proper parties and publications at issue" and the "collection and review of responsive materials such as business reports and tax documents." (R. Doc. 38-1 at 3). Plaintiff does not, however, explain why it did not seek and obtain (either through stipulation or court order) an additional extension of the discovery response deadline.

Given the foregoing, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A). The parties will have an opportunity to resolve this issue without further court involvement.

### III.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery Responses (R. Doc. 34) is **GRANTED**. Plaintiff shall provide complete responses to the interrogatories and requests for production at issue, without objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing its Motion to Compel, and that Plaintiff or Plaintiff's counsel shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Plaintiff and/or counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within **7 days** of the filing of Plaintiff's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on May 27, 2026.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.